UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WARREN SANDS,

                        Plaintiff(s),                  **ORDER**
                                                                          CV08-182 (JS)(WDW)

    -against-

MANHATTAN BEER DISTRIBUTORS, LLC,

                        Defendant(s).
-------------------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court are three motions: plaintiff's motion to compel (DE[25]), defendant's motion seeking several forms of relief (DE[26]), and defendant's motion modifying DE[26] (DE[29]). The deadline for any opposition to the defendant's motion [26] was 3/26/09. No opposition has been received, and the motion is thus unopposed[1]. For the reasons set forth herein, the plaintiff's motion is denied without prejudice to renewal, and the defendant's motions are granted to the extent that the deadline for starting the dispositive motion process is extended to April 10, 2009, and the pretrial conference scheduled for April 7, 2009 is adjourned to April 27, 2009 at 10:30 a.m. The other request for relief sought by the defendant in its original motion, a new deadline by which Sands had to produce documents, was withdrawn in DE [29] and is moot.

      The plaintiff seeks an order compelling the defendant to produce documents. DE[25]. The defendant, in its opposition to the motion, points out that Sands did not make a good faith

---

[1] Although the plaintiff's time to oppose the subsequent motion, [29], has not yet run, the second motion seeks the same relief as [26] in terms of extensions, and if Mr. Sands failed to oppose the first motion, there is no reason to expect opposition to the second. The request for the imposition of a deadline on him was withdrawn by the second motion, so there is no reason for him to oppose that request.

effort to resolve the issue before seeking the court's intervention, as required by both the Local and my Individual Rules. Further, it is not possible from the plaintiff's motion to determine what the defendant has already produced or what is in the process of being produced. Thus, the court denies the motion, without prejudice to renewal after the defendant has completed its production and the parties have discussed the documents.

The defendant originally sought a new deadline for Sands's production of documents to them. However, in the second motion the defendant reports that Sands has told it that he does not have additional documents, and it "accept[s] Mr. Sands's representations in this regard on the condition that he acknowledges and understands that he is foreclosed from attempting to introduce into evidence at any stage of these proceedings any documents not produced to Manhattan Beer." DE[29] at 2. The request for a new deadline is thus moot.

The defendant also seeks an extension of the deadline for initiating the dispositive motion process to April 10, 2009 and the court grants that extension. Finally, the defendant seeks an adjournment of the April 7, 2009 pretrial conference to April 24, 2009. The court will adjourn the conference, but is not available on April 24. Thus, **the April 7 conference is adjourned to April 27, 2009 at 10:30 a.m.** Any request to adjourn that conference must be filed as a motion and must contain alternative dates acceptable to all parties. Counsel for the defendant is directed to serve a copy of this order on the pro se plaintiff upon receipt.

Dated: Central Islip, New York　　　　　　　　**SO ORDERED:**
　　　　March 27, 2009

　　　　　　　　　　　　　　　　　　　　　　 /s/ William D. Wall
　　　　　　　　　　　　　　　　　　　　　　WILLIAM D. WALL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

2